1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   PAMELA STONEBREAKER,              )   Civil No. 11-0797-WQH(WVG)
                                       )
12                  Plaintiff,         )   ORDER DENYING EX PARTE MOTION
                                       )   FOR APPOINTMENT OF GUARDIAN AD
13   v.                                )   LITEM (DOC. #29)
                                       )
14   THE GUARDIAN LIFE INSURANCE       )
     COMPANY, et al.,                  )
15                                     )
                    Defendants.        )
16                                     )
                                       )
17   _____ )
                                       )
18   PAMELA STONEBREAKER,              )   Civil No. 11-0871-WQH(WVG)
                                       )
19                  Plaintiff,         )   ORDER DENYING EX PARTE MOTION
                                       )   FOR APPOINTMENT OF GUARDIAN AD
20   v.                                )   LITEM (DOC. #20)
                                       )
21   PRUCO INSURANCE COMPANY,          )
                                       )
22                  Defendant.         )
                                       )
23   _____ )

24

25

26

27

28

11cv0871

On June 7, 2011, proposed Guardian Ad Litem Serena Blach-Villnow filed an Ex Parte Motion For Appointment as Guardian Ad Litem in case number 11-0797 (hereafter "Guardian Life case"). On June 14, 2011, proposed Guardian Ad Litem Serena Blach-Villnow filed an Ex Parte Motion For Appointment as Guardian Ad Litem in case number 11-0871 (hereafter "Pruco case"). In both Motions, Ms. Blach-Villnow, Plaintiff's sister, requests that she be appointed as the Guardian Ad Litem (hereafter "GAL") for Plaintiff Pamela Stonebreaker's and the deceased's minor children, Kristin Stonebreaker, Kelli Stonebreaker and Ryan Stonebreaker (hereafter "minor children").[1]

Defendant Guardian Life Insurance Company of America (hereafter "Guardian Life"), does not oppose the appointment of a GAL for Plaintiff's minor children, but objects to Ms. Blach-Villnow's appointment as GAL for them, because she appears to be "too close to (Plaintiff) to independently represent the interest of the minor (children) particularly when the interests of the minor (children) may be adverse to (Plaintiff's) interests." Instead, Guardian Life proposes that David Stonebreaker, the deceased's brother, act as the GAL, because he currently serves as the conservator for the grandfather of the minor children. Further, Defendant Western Reserve Life Assurance Company (hereafter "Western Reserve"), has applied to the San Diego Superior Court to have David Stonebreaker appointed as Special Administrator for the estate of the deceased. However, Western Reserve does not oppose the appoint-ment of either Ms. Blach-Villnow or David Stonebreaker as GAL.

---

[1] The Court notes that Kristin Stonebreaker is 15 years old, Kelli Stonebreaker is 13 years old, and Ryan Stonebreaker is five years old.

11cv0871

1    The Court having reviewed the papers submitted by counsel,

2    and having met privately with the minor children, HEREBY ORDERS:

3        Federal Rule of Civil Procedure 17 states in pertinent part:

4            (b) Capacity to sue or be sued is determined as
         follows:

5            ...
             (3) ... by the law of the state where the court

6        is located.
             ...

7            (c)(2) A minor... who does not have a duly
         appointed representative may sue by a next friend or

8        by a guardian ad litem. The court must appoint a
         guardian ad litem – or issue another appropriate order

9        – to protect a minor... who is unrepresented in an
         action.

10

11   California law applies to determine capacity to sue. Pursuant

12   to California law, a minor must be represented by a GAL in court

13   proceedings. Cal. Code of Civ. Pro. §372(a). A court has broad

14   discretion in ruling on an application for appointment of a GAL.

15   Kulya v. City and County of San Francisco, 2007 WL 760776 at *1

16   (N.D. Cal. 2007), citing Williams v. Superior Court, 147 Cal. App 4th

17   36, 47 (2007).

18       The GAL's main focus is the best interest of the minor. The

19   GAL is an officer of the court with the right to control the minor's

20   litigation. When a court chooses a GAL for a civil lawsuit, the most

21   important issue is the protection of the minor's interest in the

22   litigation. Kulya, supra, at *1. Under such circumstances, a parent

23   with a conflict of interest is not entitled to select the GAL or

24   control the tactical or strategic decision made by the GAL and/or

25   the minor child's attorney. Bhatia v. Corrigan, 2007 WL 1455908 at

26   *1 (N.D. Cal. 2007), citing Williams, supra, at 50.

27       Here, the Court met with the minor children and spoke

28   privately with them. During the meeting, the Court explained to the

11cv0871

1  minor children the purpose of the meeting, the appointment of a GAL

2  for them who has their best interests in mind, and that Ms. Blach-

3  Villnow and David Stonebreaker have been proposed as the GAL.

4  Kristin and Kelli Stonebreaker[2] candidly discussed with the Court

5  their lives since the death of their father, the deceased, and their

6  views regarding Ms. Blach-Villnow and David Stonebreaker.

7      Due to the upheaval in Kristin and Kelli's family after the

8  death of their father and the many strangers that have been involved

9  in their lives since his death, they expressed their desire to have

10  someone familiar to them to be appointed as their GAL. They

11  expressed their desire that Ms. Blach-Villnow be appointed as their

12  GAL.

13      After having reviewed the papers submitted by counsel and the

14  authorities cited therein, and having met with the minor children

15  and discussed the appointment of a GAL for them, the Court finds

16  that neither Ms. Blach-Villnow nor David Stonebreaker would be

17  appropriate to serve as GAL for the minor children. The Court finds

18  that Ms. Blach-Villnow and David Stonebreaker have an actual or

19  potential conflict of interest in influencing any tactical or

20  strategic decisions to be made in this litigation.

21      While the Court does not desire to add to the minor chil-

22  dren's strife under the circumstances presented to them, the Court

23  believes that it is in the best interests of the minor children that

24  a neutral GAL be appointed for them. See <u>Bhatia</u>, <u>supra</u>, at *1-2.

25      Therefore, on or before <u>June 30, 2011</u>, Plaintiff shall

26  provide three names of neutral GALs to Defendants and the Court.

27  _____

28  [2]    Kristin and Kelli Stonebreaker are charming and intelligent young
       ladies who displayed remarkable maturity and understanding of the
       litigation.

11cv0871

1    Collectively, and on or before the same day, counsel for Defendants

2    (in both the Gaurdian Life case and the Pruco case) shall provide

3    three names of neutral GALs to Plaintiff and the Court. The

4    submissions made by Plaintiff and Defendants shall identify the

5    reason(s) why the persons named qualify to be a GAL in this case and

6    shall provide any other information about that person which the

7    Court should consider in making a determination of the appropriate

8    GAL in this action.

9          Thereafter, Plaintiff and Defendants shall have the opportu-

10   nity to strike one name from each other's proposed GALs. On or

11   before July 5, 2011, Plaintiff and Defendants shall notify the Court

12   which proposed GALs have been stricken. From the remaining names,

13   the Court shall appoint a GAL for the minor children.

14         As a result, the Court DENIES Ms. Blach-Villnow's Ex Parte

15   Motion For Appointment of Guardian Ad Litem, sustains Guardian

16   Life's objection to the appointment of Ms. Blach-Villnow, and

17   rejects Guardian Life's proposal that David Stonebreaker serve as

18   GAL.

19         IT IS SO ORDERED.

20

21   DATED:   June 23, 2011

22

23                                        _____
                                          Hon. William V. Gallo
24                                        U.S. Magistrate Judge

25

26

27

28

11cv0871