| | |
|---|---|
| SEDGWICK LLP<br>BRUCE D. CELEBREZZE  Bar No. 102181<br>ALEXANDER E. POTENTE  Bar No. 208240<br>bruce.celebrezze@sedgwicklaw.com<br>alex.potente@sedgwicklaw.com<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 781-7900<br>Facsimile: (415) 781-2635<br><br>Attorneys for Defendant and Counter- and Cross-Claimant<br>UNION SECURITY INSURANCE COMPANY | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STONEBREAKER, an individual,<br><br>                Plaintiff,<br><br>    v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a corporation; WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO, a corporation, UNION SECURITY INSURANCE COMPANY, a corporation, and DOES 1 through 100, inclusive,<br><br>                Defendants.<br><br>And Related Counterclaims and Cross-claims. | CASE NO. 11cv0797-WQH (WVG)<br><br>**UNION SECURITY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR AN ORDER FOR CONTINUANCE OF PLAINTIFF'S SUMMARY JUDGMENT MOTION PENDING DISCOVERY**<br><br>**[Fed.R.Civ.P. 56(d)]**<br><br>[Originally San Diego County Superior Court Case No. 37-2011-00087721-CU-CO-CTL]<br><br>Action Filed: March 16, 2011 |

SF/2262949v2

---

UNION SECURITY INSURANCE COMPANY'S REPLY I/S/O ITS EX *PARTE* APPLICATION FOR AN ORDER FOR
CONTINUANCE OF PLAINTIFF'S SUMMARY JUDGMENT MOTION PENDING DISCOVERY

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Pamela Stonebreaker has moved for summary judgment. She purports to seek an order that Union Security's "failure" to pay benefits to her under her husband's life insurance policy breached its contract obligations, but, in reality, she is seeking an order from the court that Union Security's handling of her claim for payment of life insurance proceeds was in bad faith. Union Security has now interpleaded the full policy benefits with interest to the Court (ECF No. 49.) on the grounds that, according to what Union Security has been told by law enforcement, Ms. Stonebreaker remains a law enforcement suspect in her husband's homicide. No discovery has been completed. Finally, and most importantly, the real parties in interest to this suit, Ms. Stonebreaker's minor children and the contingent beneficiaries to the Union Security policy, are not yet represented by a guardian *ad litem* nor have they appeared in this action.[1]

Union Security has moved *ex parte* to continue hearing on Ms. Stonebreaker's motion for summary judgment until it can conduct discovery and until the children have appeared in this action. Ms. Stonebreaker has opposed this application arguing, (1) procedurally, Union Security should make this argument in its opposition because there is no emergency or prejudice warranting *ex parte* relief, and (2) substantively, Union Security has not sufficiently identified facts to warrant a continuance.

Ms. Stonebreaker is wrong on both counts: Union Security has shown sufficient procedural basis to warrant *ex parte* relief and a substantive finding that plaintiff's motion for summary judgment is premature. But more importantly, Ms. Stonebreaker has, and continues, to ignore the most important reason for continue hearing on plaintiffs' motion: her children have not appeared.

---

[1] Unmentioned in plaintiff's opposition, Magistrate Judge Gallo declined Ms. Stonebreaker's choice of guardian, finding that Ms. Stonebreaker's sister had "an actual or potential conflict of interest in influencing any tactical or strategic decisions to be made in this litigation." (ECF No. 52 at p. 4.) The decision on the appointment of a guardian *ad litem* will not take place until July 5, 2011, at the earliest.

-1-
UNION SECURITY INSURANCE COMPANY'S REPLY I/S/O ITS EX *PARTE* APPLICATION FOR AN ORDER FOR
CONTINUANCE OF PLAINTIFF'S SUMMARY JUDGMENT MOTION PENDING DISCOVERY

The entire case is about who should receive Dr. Stonebreaker's death benefits: Ms. Stonebreaker or her minor children or some combination thereof. Union Security has already paid the full policy proceeds, plus interest, into the court and has no stake whatsoever in who receives these policy benefits. It is for the court to determine who should be paid. Even if Ms. Stonebreaker's motion for partial summary judgment against Union Security were granted, <u>she</u> would still not receive the interpleaded funds. For that to occur, the court will have to conduct a hearing on the interpleader aspect of the case and decide how the proceeds should be distributed. Again, the question of who is entitled to policy benefits cannot be resolved until the minor secondary beneficiaries have a guardian and have appeared in this action. Until then, the question of whether Union Security breached its contract (or acted in bad faith) by interpleading funds to the Court cannot be determined.[2]

## II. RULE 56(D) ALLOWS *EX PARTE* APPLICATIONS TO CONTINUE BRIEFING UPON SHOWING THAT ADDITIONAL DISCOVERY IS REQUIRED

Courts routinely grant Rule 56(d) requests to continue summary judgment motions pursuant to *ex parte* applications or pursuant to declarations submitted before opposition papers are filed. *See, e.g., PSC Computer Products, Inc v. Foxconn International, Inc.,* 2002 WL 34404629, *1 (C.D.Cal. March 29, 2002) (granting *ex parte* application to vacate hearing on motion for summary judgment based on identification of specific depositions needed to file opposition); *Caldwell v. Roseville Joint Union High School District*, 2006 WL 3747288 (E.D. Cal. Dec. 17, 2006)) (granting *ex parte* application to continue summary judgment hearing, reasoning that court was hesitant to rule on dispositive motions without allowing at least limited discovery); *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1199 (C.D.Cal. 2007) (noting court's prior grant of *ex parte* application seeking an extension of the briefing schedule and a continuance of the hearing under prior Rule 56(f)).

---

[2] Indeed, Ms. Stonebreaker may not even have standing to make such a motion if the court determines that the children — and not her — were the proper beneficiaries of Dr. Stonebreaker's insurance policies.

UNION SECURITY INSURANCE COMPANY'S REPLY I/S/O ITS EX *PARTE* APPLICATION FOR AN ORDER FOR CONTINUANCE OF PLAINTIFF'S SUMMARY JUDGMENT MOTION PENDING DISCOVERY

As one commentator has noted, courts have expressly held that Rule 56(d) submissions may be submitted anytime after a motion for summary judgment is filed and before an opposition would be due:

> There is nothing to prevent counsel from having his client file an affidavit under Rule 56[d], seeking a continuance of a summary judgment motion until depositions have been taken, as soon as the motion is made and before his client has submitted his opposition papers. One court stated that it knew of no policy reason which would preclude filing a Rule 56[d] affidavit prior to filing of the response when, as in this case, the proposed basis of the opposition to the motion was made perfectly clear by the affidavit and the material sought to be discovered during the continuance was germane to the defense.

J. F. Rydstrom, *Sufficiency Of Showing, under Rule 56[d] of Federal Rules of Civil Procedure, of Inability to Present by Affidavit Facts Justifying Opposition To Motion For Summary Judgment*, 47 A.L.R.Fed. 206 (1980 & 2011 Supp.), citing *Quaker Chair Corp. v Litton Business Systems, Inc.*, 71 F.R.D. 527, 533 (S.D.N.Y. 1976).[3]

Finally, despite plaintiff's much ado about the lack of "emergency" or "irreparable prejudice," *ex parte* applications <u>are</u> appropriate in scheduling matters, in which the other party has been served and has appeared. *See, e.g., In re Inter-magnetics America, Inc.*, 101 B.R. 191, 193–93 (C.D.Cal. 1989) (noting that *ex parte* applications, while disfavored, are appropriate where the other side actually is served and in which the applicant seeks a routine order such as

---

[3] The *Quaker* court rejected a challenge to non-movant's submission of its Rule 56(d) affidavit before its opposition papers were filed, finding that its request to continue the summary judgment briefing and hearing was warranted, as no discovery had yet occurred:

> Defendant objects, first, that plaintiff's motion for continuance is improper, in that such an application may be made only after the party opposing the motion has submitted its opposition papers, if it does not make the application in the opposition papers themselves. The only authority cited for this proposition is a section of Professor Moore's treatise, which appears to indicate that such an order of filing would be proper. 6 J. Moore, Federal Practice ¶56.24, at 56-1421-2 (2d Ed.1976). However, that section does not discuss any policy reason which would preclude filing of the Rule 56(f) affidavit prior to filing of the response when, as here, the proposed basis of the opposition to the motion is made perfectly clear by the affidavit and the material sought to be discovered during the continuance is germane to the defense. Moreover, such a practice has been previously countenanced in the federal courts. . . . The court considers plaintiff's motion to be properly made at this juncture.

*Quaker Chair Corp.,* 71 F.R.D. at 533 (internal citation omitted).

UNION SECURITY INSURANCE COMPANY'S REPLY I/S/O ITS EX *PARTE* APPLICATION FOR AN ORDER FOR CONTINUANCE OF PLAINTIFF'S SUMMARY JUDGMENT MOTION PENDING DISCOVERY

"to file an overlong brief or to shorten the time within which a motion may be brought.").

On the merits, Ms. Stonebreaker has requested that the court deny Union Security's *ex parte* Rule 56(d) application for a continuance of the summary judgment hearing date on procedural grounds and force it to obtain declarations showing that its conduct during the investigation of the claim for life insurance benefits was reasonable, even though discovery has just commenced, no depositions have been taken, and the real parties in interest have not yet appeared (or been appointed a guardian by this court). In its Rule 56(d) declaration, Union Security has specifically identified that depositions of the coroner, the San Diego Sheriff investigators, and Ms. Stonebreaker herself are all necessary and relevant to the defense of the question of whether it was proper for Union Security to interplead Dr. Stonebreaker's life insurance proceeds to the court instead of to Ms. Stonebreaker. *See* Declaration of Alexander E. Potente in Support of *Ex Parte* Application for Order to Continue Plaintiff's Motion for Summary Judgment Pending Discovery, ECF No. 47, attachment No. 2, at ¶ 6.[4]

Furthermore, requiring Union Security and the other insurers to respond to plaintiff's motion for summary judgment would not serve judicial efficiency or plaintiff's interests. Forcing the insurers to respond to plaintiff's summary judgment motion to show that the timing

---

[4] This paragraph provides as follows: "As part of Union Security's opposition to Ms. Stonebreaker's motion for partial summary judgment, Union Security intends to examine and discover what it was being told about Ms. Stonebreaker's role in the death of her husband, if any, and proof, if it exists, that Ms. Stonebreaker suffered compensable damages. Union Security intends to depose Ms. Stonebreaker, the coroner who examined Dr. Stonebreaker's body and declared his death a homicide, and the San Diego Sheriff's officer investigating Dr. Stonebreaker's murder who informed Union Security that Ms. Stonebreaker is a suspect in an active investigation. The testimony of these witnesses is critical to Union Security's defense, and will assist the Court's determination whether Union Security breached its insurance contract and acted consistently with the implied covenant of good faith and fair dealing in declining to pay Ms. Stonebreaker the benefits of Dr. Stonebreaker's insurance policy directly. Specifically, Union Security anticipates the coroner will testify as to the basis upon which Dr. Stonebreaker's death was ruled a homicide. The sheriff's officer will inform the court the information provided to Union Security and the other insurers regarding Ms. Stonebreaker's status as a suspect and why she is a suspect in her husband's death (the very issue raised in Ms. Stonebreaker's motion for partial summary judgment). Finally, Ms. Stonebreaker will testify to the actions taken (or not) to meet the requirements under Union Security's policy and what damages, if any, she claims to have sustained from Union Security's decision to interplead funds into this Court instead of paying her directly. None of these witnesses are under the control of Union Security, and, as such, it is not practicable to obtain declarations from them in opposition to Ms. Stonebreaker's motion for partial summary judgment."

of their payment into the court was unreasonable would serve no purpose at present (nor is it feasibly achievable for plaintiff to make such a showing, particularly on summary judgment). In particular, hearing — even granting — plaintiff's motion would not entitle plaintiff or the Stonebreaker children to be paid the policy benefits which are currently sitting in a bank account under the control of the Clerk of this court. Plaintiff's arguments that she lacks money to continue to parent will not be solved by her motion for summary judgment. The determination of to whom the proceeds are to be paid can only be made once the children have appeared and, through their guardian, decided upon a course of action that is in their best interest. This court will then hear whatever evidence Ms. Stonebreaker and the children, through their guardian *ad litem*, may choose to offer, and the court will then determine what to do with the policy proceeds.

Nor could a motion for summary judgment be granted against the insured for breach of contract (or bad faith) at this stage in the litigation, as the "prevailing rule in all circuits" is that, "the granting of summary judgment will be held to be in error when discovery is not yet completed." *Metropolitan Life Ins. Co. v. Bancorp Services, L.L.C.*, 527 F.3d 1330, 1333-37 & n.3 (Fed.Cir. 2008); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2741, at 413-16 & n. 2-3 (3d ed. 1998 & 2011 supp.) ("the granting of summary judgment will be held to be error when discovery is not yet completed, and summary judgment has been denied as premature when the trial court determines that discovery is not finished.").

Rule 56(d) requires the court to ensure that the parties have a reasonable opportunity to make their record complete before ruling on a motion for summary judgment. *Berne Street Enterprises v. American Export Isbrandtsen Co.,* 289 F.Supp. 195, 196-97 (S.D.N.Y. 1968) (finding motion for summary judgment premature for lack of opportunity to conduct pre-trial discovery and inspection, despite an inability to present specific facts because most of the allegedly material facts were largely or exclusively in the possession of movants). Again, no discovery has occurred, and the critical depositions of Ms. Stonebreaker, the coroner, and the

investigating sheriff deputies cannot be taken until the court appoints a guardian for the Stonebreaker children and they have appeared in the action.

"Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck*, 323 F.3d 767, 773-74 (9th Cir. 2003). *See also Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832, 846 (9th Cir.2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery where the non-moving party has not had the opportunity to discover information that is essential to its opposition."); *Berkeley v. Home Ins. Co.,* 68 F.3d 1409, 1414 (D.C.Cir.1995) (describing "the usual generous approach toward granting Rule 56(f) motions"); *Wichita Falls Office Assoc. v. Banc One Corp.,* 978 F.2d 915, 919 n. 4 (5th Cir.1992) (Rule 56(f)-based "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence"); *Sames v. Gable,* 732 F.2d 49, 52 (3d Cir.1984) (same).[5]

### III. CONCLUSION

Union Security's *ex parte* application for an order staying briefing and vacating the hearing date for Ms. Stonebreaker's motion for partial summary judgment is both procedurally proper and substantively supported. Union Security has specifically identified at least three critical depositions that are warranted before opposing Ms. Stonebreaker's motion for summary judgment and has specifically specified why these depositions are relevant to its defense of Ms. Stonebreaker's breach of contract/bad faith argument and what testimony is expected to be

---

[5]   Ms. Stonebreaker also argues that this court granted a stipulated request (ECF No. 21) in the related case *Pruco v. Stonebreaker*, 3:11-cv-00871, (ECF No. 22) continuing hearing on other, unrelated motions in that matter to July 18, 2011, the same date as Ms. Stonebreaker has proposed for hearing on her motion for summary judgment in this matter. This stipulation has no bearing on Union Security's Rule 56(d) request. The stipulation was not served on Union Security, which is not in privity with any of the parties in that action.

1 adduced.  Even more importantly, Ms. Stonebreaker's minor children are not yet represented by
2 counsel and have not yet appeared in this action.  As such, Union Security's application for an
3 order continuing Ms. Stonebreaker's motion should be granted.

DATED: June 26, 2011              Respectfully submitted,

SEDGWICK LLP


By: /s/ *Bruce D. Celebrezze*
    Bruce D. Celebrezze
    Alexander E. Potente
    Attorneys for Defendant and Counter- and Cross-
    Claimant UNION SECURITY INSURANCE
    COMPANY