MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY (Bar No. CA 066585)
mlevy@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff*
WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PAMELA STONEBREAKER, an individual,

Plaintiff,

vs.

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a corporation; WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO, a corporation, UNION SECURITY INSURANCE COMPANY, a corporation, and DOES 1 through 100, inclusive,

Defendants.

*...and all Counter and Cross Claims.*

CASE NO. 3:11-cv-0797-WQH-WVG

[Deemed related to Case No. 3:11-cv-00871-WGH-WVG.]

Hon. William Q. Hayes

**STIPULATED PROTECTIVE ORDER**

[Filed Concurrently with [Proposed] Order Approving Stipulated Protective Order

Originally San Diego County Superior Court Case No. 37-2011-00087721-CU-CO-CTL]

Action Filed: March 16, 2011

Subject to the approval of this Court, the parties hereby stipulate to the following Protective Order:

1. **Definitions**.

For purposes of this Order, the following terms shall have the following meanings:

a. "Document" shall include all materials, electronic information and tangible things defined as broadly as permitted under FRCP 34;

b. "Pleadings" shall refer to all papers, motions, exhibits, etc., filed with the Court;

c. "Party" or "Parties' shall mean the parties to this action, their current and former officers, employees, agents, attorneys, affiliates and subsidiaries;

d "Confidential Information" shall mean and include information within the scope of FRCP 26(c), or which is a trade secret, proprietary, confidential commercial or business information, or otherwise confidential or private. Confidential Information includes, but is not limited to, Documents that are designated as Confidential in accordance with this Order, information contained within such Documents, and Documents, such as Pleadings and discovery responses, that incorporate such information.

e. "Receiving Party" shall mean a Party that receives Confidential Information.

2. **Designating Protected Material**. All confidentiality designations shall be made in good faith by the Parties at the time Documents are produced, provided that the inadvertent failure to so designate does not constitute a waiver of any right to make such a designation. The Parties may designate Documents as

confidential after such Documents have been produced, with the effect that such Documents are thereafter subject to the protections of this Protective Order. Documents designated "Confidential" shall be so marked by affixing the legend "CONFIDENTIAL" or similar confidential designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.

3. **Basic Disclosure Principles.** Neither the Parties nor their counsel shall permit disclosure of Confidential Information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

4. **Disclosure of Confidential Information.** Confidential Information may not be disclosed to any person except:

a. Any Party;

b. Counsel for any Party, including their paralegals and clerical staff, experts, consultants and in-house counsel;

c. Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary to the conduct of this action, provided that experts shall not have access to Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by executing the Declaration attached as Exhibit A;

d. The Court and its personnel;

e. Court reporters engaged for depositions, hearings or trial;

f. Witnesses in this action to the extent necessary for the conduct of this litigation and who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A;

g. The author(s) or any recipient of the document or the original source of the information in any document; and

h. Professional vendors that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.) and their employees who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A.

5. **Use of Confidential Information Generally.** Confidential Information shall only be used for purposes of this action. The persons or entities identified in Paragraph 4, above, to whom Confidential Information is disclosed pursuant to this Order shall not make any copies of or use such Confidential Information for any purpose, whatsoever, except those related to this action.

6. **Designation of Deposition Testimony.** If in any deposition there is testimony about, or an exhibit containing, Confidential Information, the portions of the transcript involving Confidential Information shall be separately bound and such separately bound transcript shall prominently disclose that the transcript contains Confidential Information. Any such transcript shall be handled like any other Document that contains Confidential Information.

7. **Offering Materials into Evidence.** If in connection with any motion or other proceeding in this action, any Party intends to offer into evidence, reference, or attach as exhibits to any Pleading any Documents or other materials that would reveal or tend to reveal Confidential Information, such evidence shall be redacted to remove all Confidential Information that is not reasonably necessary for the Court to understand the purpose of the document as described in the Pleading and to effect the reasonable purpose of the offering Party in submitting the Document.

8. **Filing of Materials Containing Confidential Information.** When a Party intends to file with the Court, or otherwise introduce into evidence, any Documents, testimony, or any other material containing Confidential Information that cannot be redacted pursuant to paragraph 7, above, counsel for the filing or

offering Party shall notify counsel for all other Parties of such intent. Such notifications shall be made within a reasonable time not less than two business days before filing, such that any other Party has an opportunity to object to the necessity of the disclosure of the document as presented and to work out an acceptable alternative to the proposed disclosure. For *ex parte* applications or other filings where two business days' notice is not practical or feasible, the filing Party shall notify all other parties of its intent as soon as reasonably possible. The Parties shall endeavor to reach agreement on any redactions or other methods which may be available to permit the filing or introduction of the Confidential Information with the Court, such that the evidentiary objectives of the offering party can be met without disclosure of Confidential Information.

9. **Filing Under Seal.** Any Confidential Information filed with the Court shall be filed in a sealed envelope bearing the designation "Confidential: Subject to Protective Order." All filings under seal shall comply with the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California and Local Rule 79.2.

No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

10. **Duration.** This Order shall continue to be binding throughout and after the conclusion of this action, including any appeal thereof. This Order, as an Agreement, shall remain in effect until all Confidential Information is returned to the originating Party or destroyed, as provided below. Within thirty (30) days after

termination of this action by dismissal, final non-appealable judgment or otherwise, each Party shall return to counsel for the originating Party all information designated Confidential Information under this Order, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained. In the alternative, counsel for any Party receiving Confidential Information may supervise the destruction of all Confidential Information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained. Counsel shall then advise counsel for the originating Party in writing that all Confidential Information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, have been destroyed or returned.

11. **Limiting Disclosure.** All reasonable efforts shall be made by counsel of record to limit disclosure of Confidential Information to the minimum number of persons necessary to conduct this action.

12. **Challenges to Confidential Designation.** In the event any Receiving Party disagrees with any designation of confidentiality, such Party shall attempt to resolve such dispute with the designating Party on an informal basis. If the dispute is not resolved informally, the Receiving Party, by motion, may contest the confidential designation. Pending resolution of the motion, the disputed material will continue to be treated as confidential. If the Court determines that any materials are not entitled to confidential treatment, confidentiality will nonetheless be maintained for fifteen (15) days subsequent to the Court's decision unless the Court, upon motion and for good reason shown, shall reduce or lengthen the time.

13. **Declassification.** The restrictions on disclosure and use of Confidential Information set forth herein shall not continue to apply to information, which, at the time of disclosure, or thereafter, becomes a part of the public domain by publication or otherwise, other than a result of a wrongful act or failure to act on the part of the party claiming this exclusion. However, the restrictions shall

continue to apply if such publication or other disclosure results from criminal, tortious or otherwise unlawful acts or omissions. A party seeking to declassify material designated as Confidential Information may move the Court for a ruling that the material is not entitled to such status and protection.

14. **Right to Assert Other Objections.** This Order shall not be construed as requiring the Parties to produce information or documents which are privileged or otherwise protected from discovery by the Federal Rules of Civil Procedure.

15. **Use During Trial.** This Order is intended to govern the exchange and use of materials, information and documents during discovery, trial preparation, and post-trial proceedings. Questions regarding the use of Confidential Information during the trial of this action, if any, will be addressed by the Court at a later time prior to or during trial, after reasonable notice to the Parties.

16. **Subpoena or Order.** If a Party is served with a subpoena or an order issued in other litigation or in any other context that would compel disclosure of any Confidential Information, counsel for such Party must so notify counsel for the originating Party in writing immediately, and in no event more than three court days after receiving the subpoena or order. Counsel for such Party also must inform in writing the party who caused such subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order.

///

///

///

///

///

///

///

///

17. **Enforcement.** This Order and Agreement may be enforced by an Order of specific performance, as well as any claim for damages. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Agreed to by:

Dated: July ____, 2011

LUCE FORWARD
NATHAN ARRINGTON

By: ______________________
Nathan Arrington
*Attorneys for*
PAMELA STONEBREAKER

MACGUIRE WOODS LLP
SIDNEY KANAZAWA
PATRICIA VICTORY

By: ______________________
Sidney Kanazawa
*Attorneys for*
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

SEDGWICK LLP
BRUCE CELEBREZZE
ALEX POTENTE

By: ______________________
Alex Potente
*Attorneys for*
UNION SECURITY INSURANCE COMPANY

MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY

By: ______________________
Margaret Levy
*Attorneys for*
WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO

17. **Enforcement.** This Order and Agreement may be enforced by an Order of specific performance, as well as any claim for damages. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Agreed to by:

Dated: July _____, 2011

LUCE FORWARD
NATHAN ARRINGTON

By: ________________________
Nathan Arrington
*Attorneys for*
PAMELA STONEBREAKER

MACGUIRE WOODS LLP
SIDNEY KANAZAWA
PATRICIA VICTORY

By: ________________________
Sidney Kanazawa
*Attorneys for*
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

SEDGWICK LLP
BRUCE CELEBREZZE
ALEX POTENTE

By: ________________________
Alex Potente
*Attorneys for*
UNION SECURITY INSURANCE COMPANY

MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY

By: ________________________
Margaret Levy
*Attorneys for*
WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO

17. **Enforcement.** This Order and Agreement may be enforced by an Order of specific performance, as well as any claim for damages. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Agreed to by:

Dated: July 20, 2011

LUCE FORWARD
NATHAN ARRINGTON

By: ______________________
Nathan Arrington
*Attorneys for*
PAMELA STONEBREAKER

MACGUIRE WOODS LLP
SIDNEY KANAZAWA
PATRICIA VICTORY

By: ______________________
Sidney Kanazawa
*Attorneys for*
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

SEDGWICK LLP
BRUCE CELEBREZZE
ALEX POTENTE

By: ______________________
Alex Potente
*Attorneys for*
UNION SECURITY INSURANCE COMPANY

MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY

By: ______________________
Margaret Levy
*Attorneys for*
WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was entered by the Court in the case of *Stonebreaker v. The Guardian Life Insurance Company of America, et al.*, USDC SDCA Case No. 3:11-cv-0797-WQH-WVG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _________________________________

City and State where sworn and signed: _________________________________

Printed name: ______________________________

[printed name]

Signature: __________________________________

[signature]

300354178.1

# CERTIFICATE OF SERVICE

I, Margaret Levy, certify that on August 4, 2011, I caused to be electronically filed a true and correct copy of the preceding

**STIPULATED PROTECTIVE ORDER**

with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all other parties appearing on the docket sheet.

Executed at Los Angeles, California on August 4, 2011.

By: /s/ Margaret Levy
Margaret Levy
Manatt, Phelps & Phillips, LLP
Email: mlevy@manatt.com

300364634.1