# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STONEBREAKER, | CASE NO. 11cv797 WQH (WVG) |
| Plaintiff, | **ORDER** |
| vs. | |
| KRISTIN STONEBREAKER, a minor; KELLI STONEBREAKER, a minor; RYAN STONEBREAKER, a minor; GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a corporation; WESTERN RESERVE LIFE INSURANCE COMPANY OF OHIO, a corporation; UNION SECURITY INSURANCE COMPANY, a corporation; DOES 1-100, inclusive. | |
| Defendants. | |
| WESTERN RESERVE LIFE INSURANCE COMPANY OF OHIO, a corporation, | |
| Third-party Plaintiff, | |
| vs. | |
| PATRICIA YIM COWETT, Guardian Ad Litem for minor children Kristin Stonebreaker, Kelli Stonebreaker, and Ryan Stonebreaker; ROE ONE, as executor of the Estate of Robert Stonebreaker; ROES 2-10, inclusive; | |
| Third-party Defendants. | |

| | |
|---|---|
| 1 | |
| 2 | WESTERN RESERVE LIFE INSURANCE COMPANY OF OHIO, a corporation |
| 3 | |
| 4 | Counterclaimant, |
| 5 | vs. |
| 6 | PAMELA STONEBREAKER, an individual. |
| 7 | Counterdefendant. |
| 8 | UNION SECURITY INSURANCE COMPANY, a corporation |
| 9 | |
| 10 | Counterclaimant, vs. |
| 11 | PAMELA STONEBREAKER, an individual. |
| 12 | |
| 13 | Counterdefendant. |
| 14 | UNION SECURITY INSURANCE COMPANY, a corporation |
| 15 | Cross-Claimant, |
| 16 | vs. |
| 17 | KRISTIN STONEBREAKER, a minor; KELLI STONEBREAKER, a minor; |
| 18 | RYAN STONEBREAKER, a minor, |
| 19 | Cross-Defendant. |
| 20 | GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a |
| 21 | corporation, |
| 22 | Cross-Claimant, |
| 23 | vs. |
| 24 | KRISTIN STONEBREAKER, a minor; KELLI STONEBREAKER, a minor; |
| 25 | RYAN STONEBREAKER, a minor, |
| 26 | Cross-Defendants. |
| 27 | |
| 28 | |

HAYES, Judge:

The matters before the Court are the Ex Parte Motion for an Order for Continuance of the Motion for Summary Judgment Pending Discovery filed by Defendant Union Security Insurance Company (ECF No. 46); the Ex Parte Motion to Reschedule the Motion for Summary Judgment (ECF No. 78) filed by Plaintiff; the Ex Parte Motion to Stay the Motion for Summary Judgment and Motion for Judgment in Interpleader (ECF No. 92) filed by Plaintiff; and the Amended Ex Parte Motion to Continue Hearing and Stay (ECF No. 129) filed by Western Reserve.

## I. Background

On April 15, 2011, Defendants removed the Complaint filed by Pamela Stonebreaker in the Superior Court of California for the County of San Diego. Plaintiff alleges that she was married to Dr. Robert Stonebreaker who purchased the following life insurance policies: (1) three policies from Defendant Guardian Life Insurance Company ("Guardian") totaling $2,000,000.00; (2) one policy from Defendant Western Reserve Life Insurance Company of Ohio ("Western Reserve") in the amount of $250,000.00; (3) one policy from Defendant Union Security Insurance Company ("Union Security") in the amount of $525,000.00. Plaintiff alleges that Dr. Stonebreaker died on January 16, 2010; however, Defendants have failed to pay the life insurance benefits to Plaintiff Stonebreaker, the primary beneficiary. Plaintiff asserts a claim for breach of contract and a claim for breach of the implied covenant of good faith and fair dealing against each Defendant.

On April 21, 2011, Defendant Western Reserve filed a Counterclaim and Third-party Complaint in Interpleader against Plaintiff Pamela Stonebreaker. Western Reserve alleges that Dr. Stonebreaker's death was determined to be a homicide and Plaintiff, the beneficiary of the life insurance policy, was a suspect. Western Reserve alleges that Plaintiff would be prohibited from recovering the proceeds of the life insurance policy if she is found to have caused her husband's death and the proceeds would instead be distributed to the estate of Dr. Stonebreaker. Western Reserve alleges that although it admits the proceeds of the life insurance policy is due and owing, payment of the proceeds may subject it to the risk of

multiple claims.

On April 22, 2011, Defendant Union Security filed a Counterclaim in Interpleader. Union Security alleges that Plaintiff is the primary beneficiary of the policies and the Stonebreaker's minor children are the secondary beneficiaries. Union Security alleges that it is willing and able to pay the proceeds of the life insurance policy, but it cannot determine who is the proper beneficiary.

On April 22, 2011, Guardian filed a Counterclaim for Interpleader against Plaintiff Stonebreaker and filed a Cross-claim against Kristin Stonebreaker, Kelli Stonebreaker, and Ryan Stonebreaker. Guardian alleges that Plaintiff is the primary beneficiary of the policies and the Stonebreaker's minor children are the secondary beneficiaries. Guardian alleges that it is willing and able to pay the proceeds of the life insurance policy, but it cannot determine who is the proper beneficiary.

On June 10, 2011, Plaintiff filed a Motion for Summary Judgment. Plaintiff seeks summary judgment on the breach of contract claim for Defendants' failure to pay her the life insurance proceeds on the grounds that "(i) it is undisputed that [Dr. Stonebreaker] has died and (ii) there is no evidence – let alone a preponderance of the evidence – to support the Defendants' allegation that [Plaintiff] killed her husband." (ECF No. 37-1 at 17). Plaintiff contends: "To oppose this motion, the Defendants must produce more than suspicion and speculation. They must produce evidence to support their accusation that [Plaintiff] killed her husband. The Defendants will not be able to do so because it simply is not true." *Id.* at 21.

On June 23, 2011, Union Security filed an Ex Parte Motion for an Order for Continuance of the Motion for Summary Judgment Pending Discovery pursuant to Federal Rule of Civil Procedure 56(d). Union Security contends that "written discovery has only just begun. Much of this discovery is within Ms. Stonebreaker's sole control, and depositions cannot meaningfully proceed until the secondary beneficiaries are represented by counsel and have appeared in this action." (ECF No. 46 at 2). Union Security contends: "Given Ms. Stonebreaker's contention that the Insurers [have] no reason to believe she was a suspect in her husband's murder and that she [is] in fact innocent, at a minimum the Insurers are entitled

to take depositions of the San Diego Sheriffs office, the coroner, and Ms. Stonebreaker herself ...." *Id*. at 5. Defendant Union Security has submitted the Declaration of Alexander Potente stating that the minor children had "not yet been appointed counsel or appeared in this action." (ECF No. 46-2 at 2). Potente states that Union Security intends to depose Plaintiff Stonebreaker, the coroner, and the San Diego Sheriff's officer investigating the case.

On June 23, 2011, Defendant Guardian filed a Joinder in Defendant Union Security's Ex Parte Motion for an Order for Continuance of the Motion for Summary Judgment pending discovery pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 45). On June 23, 2011, Defendant Western Reserve filed a Non-Opposition to the Ex Parte Motion for an Order for Continuance of the Motion for Summary Judgment Pending Discovery pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 47).

On June 24, 2011, Plaintiff filed an Opposition to the Ex Parte Motion for an Order for Continuance of the Motion for Summary Judgment pending discovery pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 54). Plaintiff contends that Defendant could have interviewed Plaintiff Stonebreaker or "talked with the Sheriff's office" after she filed her claim seeking the life insurance benefits. *Id*. at 7. Plaintiff contends that Defendants "admit that they don't know whether there is any evidence that would preclude summary judgment." *Id.* at 6.

On June 26, 2011, Union Security filed a Reply. (ECF No. 55).

On June 29, 2011, this Court issued an order staying the briefing on Plaintiff's Motion for Summary Judgment pending a ruling on the Ex Parte Motion.

On July 11, 2011, a guardian ad litem was appointed to represent the minor children in this case.

On August 23, 2011, Plaintiff filed an Ex Parte Motion to Reschedule the Motion for Summary Judgment on the grounds that Defendant had not yet taken the deposition of Plaintiff Stonebreaker and Defendants responded to interrogatories stating that they did not know whether Plaintiff Stonebreaker killed her husband. On August 23, 2011, Defendant Guardian filed an Opposition on the grounds that Plaintiff's deposition was scheduled for August 31,

2011, to accommodate the recently appointed guardian ad litem for the minor children. Defendant Union Security also filed an Opposition. Plaintiff filed Replies.

On August 29, 2011, Western Reserve filed a Motion for Judgment in Interpleader. On August 29, 2011, Western Reserve filed a Motion for Summary Judgment. On September 2, 2011, Plaintiff filed an Ex Parte Motion to Stay the Motion for Summary Judgment and Motion for Judgment in Interpleader pursuant to Federal Rule of Civil Procedure 56(d). Plaintiff has submitted the Declaration of Joseph Foss who states that Plaintiff "cannot produce the evidence she needs to establish that there are triable issues of fact regarding whether Western Reserve breached the insurance contract and implied covenant of good faith and fair dealing by failing to adequately investigate Plaintiff's claim, undertaking a biased investigation, improperly refusing to pay Plaintiff, and improperly filing an interpleader action[]" until Plaintiff deposes the persons most knowledgeable at Western Reserve. (ECF No. 92-2 at 3). Western Reserve filed an Opposition. Plaintiff filed a Reply.

On August 31, 2011, the Magistrate Judge conducted an Early Neutral Evaluation Conference in this case. On September 6, 2011, the Magistrate Judge held a Case Management Conference and issued an Order Regulating Discovery and Other Pretrial Proceedings. (ECF No. 97).

On September 14, 2011, this Court issued an order staying the briefing on Western Reserves's Motion for Summary Judgment and Judgment in Interpleader pending a ruling on the Ex Parte Motion.

On October 4, 2011, Plaintiff filed a Motion for Summary Judgment on Defendant Guardian's Counterclaim and Cross-Claim for Interpleader; a Motion for Summary Judgment on Defendant Western Reserve's Counterclaim and Third-Party Complaint for Interpleader; and a Motion for Summary Judgment on Defendant Union Security's Counterclaim and Cross-claim in Interpleader. (ECF No. 116-18). On October 5, 2011, Defendant Union Security filed a First Amended Cross-claim in Interpleader. On October 7, 2011, Plaintiff filed a Motion for Summary Judgment on Defendant Union Security's First Amended Cross-claim in Interpleader. (ECF No. 122).

1    On October 12, 2011, Defendant Western Reserve filed an Ex Parte Application to
2 Continue Hearing and Stay Briefing on Plaintiff's Motions for Summary Judgment. On
3 October 19, 2011, this Court issued an order staying the briefing on Plaintiff's Motion for
4 Summary Judgment pending a ruling on the Ex Parte Motion.

**II.    Discussion**

Pursuant to Federal Rule of Civil Procedure 56(d), regarding motions for summary judgment, provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Rule "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). A Rule 56(d) "'continuance of a motion for summary judgment for purposes of conducting discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence.'" *Burlington N. Santa Fe R.R. Co. v. The Assiniboine and Souix Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (*citing Wichita Falls Assoc. v. Banc One Corp.* 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

In this case, the Court has stayed briefing on Plaintiff's Motion for Partial Summary Judgment on Plaintiff's claim of breach of contract; Western Reserve's Motion for Judgment in Interpleader and Motion for Summary Judgment; Plaintiff's Motion for Summary Judgment on Defendant Guardian's Counterclaim and Cross-claim, Defendant Western Reserve's Counterclaim and Cross-claim, and Defendant Union Securities Counterclaim and Cross-claim. The parties have had additional time to obtain affidavits or declarations or to take discovery. Accordingly, the stays are lifted.

**III.    Conclusion**

The Ex Parte Motion for an Order for Continuance of the Motion for Summary Judgment Pending Discovery filed by Defendant Union Security Insurance Company (ECF

1  No. 46); the Ex Parte Motion to Reschedule the Motion for Summary Judgment (ECF No. 78)
2  filed by Plaintiff; the Ex Parte Motion to Stay the Motion for Summary Judgment and Motion
3  for Judgment in Interpleader (ECF No. 92) filed by Plaintiff; and the Amended Ex Parte
4  Motion to Continue Hearing and Stay (ECF No. 129) filed by Western Reserve are DENIED.

6  Any opposition to Plaintiff's Motion for Partial Summary Judgment on Plaintiff claim
7  of breach of contract (ECF No. 37); Western Reserve's Motion for Judgment in Interpleader
8  (ECF No. 88) and Motion for Summary Judgment (ECF No. 89); Plaintiff's Motion for
9  Summary Judgment on Defendant Guardian's Counterclaim and Cross-claim (ECF No. 116),
10 Defendant Western Reserve's Counterclaim and Cross-claim (ECF No. 117), and Defendant
11 Union Securities Counterclaim and Cross-claim (ECF Nos. 118, 122) shall be filed no more
12 than twenty-one days from the date of this Order.  If any party is not able to present facts
13 essential to justify its opposition, the party may show by affidavit or declaration the specific
14 reasons why it cannot pursuant to Federal Rule of Civil Procedure 56(d).  Any reply must be
15 filed no later than fourteen days after the date that the opposition was filed.

16 DATED:  November 4, 2011

**WILLIAM Q. HAYES**
United States District Judge