1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   PAMELA STONEBREAKER,            )  Civil No. 11-0797-WQH(WVG)
                                      )
12                  Plaintiff,        )  ORDER GRANTING DEFENDANT UNION
                                      )  SECURITY'S APPLICATIONS TO
13   v.                               )  COMPEL:
                                      )
14   THE GUARDIAN LIFE INSURANCE      )  THE DEPOSITION OF PAMELA
     COMPANY OF AMERICA, et al.,      )  STONEBREAKER
15                                    )
                    Defendants.       )  PRODUCTION OF DOCUMENTS
16                                    )
     _____ )
17

18

19        On January 18, 2012, Defendant Union Security Insurance

20   Company ("Defendants") submitted an application via letter to compel

21   the   continued   deposition   of   Plaintiff   Pamela   Stonebreaker

22   ("Plaintiff") and to compel the production of documents.[1] On January

23   27,  2012,  Plaintiff  submitted  an  opposition  via  letter  to

24   Defendants' application. The Court, having reviewed the application,

25   opposition, the documents attached thereto and the authorities cited

26   therein, HEREBY GRANTS Defendants' application.

27

28   _____
          [1]The application is joined by the other Defendants in this case.

                                                        11cv0797

1    On September 27, 2011, the Court ordered that "Defendants...
2  could "depose Plaintiff at a later date in addition to the
3  deposition taken on September 13, 2011.[2/] The scope of the subsequent
4  deposition shall not be limited."

5    Defendants seek to depose Plaintiff again regarding all other
6  aspects of her claims against them. Plaintiff is willing to submit
7  to another three hours of deposition, but not more. Defendants seek
8  up to seven hours for the subsequent deposition.

9    1. Plaintiff's Deposition

10    Defendants argue that they should be entitled to depose
11  Plaintiff again for up to seven hours because (1) at the September
12  13, 2011 deposition, Plaintiff identified several categories of her
13  alleged damages, but Defendants did not complete their examination
14  of Plaintiff on these topics; and (2) Plaintiff's responses to
15  Defendants' document requests were due in December 2011 and January
16  2012. Consequently, the produced documents were not available to
17  Defendants at the September 13, 2011 deposition. Defendants claim
18  that they need to depose Plaintiff regarding the produced documents
19  to defend against her bad faith claim. (3) Defendant Guardian Life
20  intends to question Plaintiff regarding Plaintiff's alleged renewal
21  of its insurance policies in late 2009, after Plaintiff's husband's
22  death.

23    Defendants assert that good cause exists to depose Plaintiff
24  for up to seven hours. They posit that not only did the Court allow
25  the scope of the subsequent deposition to be unlimited, but that

26

27    [2/]The Court allowed Defendants to take Plaintiff's September 13, 2011
28  deposition for the limited purpose of allowing them to obtain information on
    topics needed to defend Plaintiff's Partial Motion for Summary Judgment on her
    breach of contract claim.

11cv0797

1    this is a multi-Defendant case in which each Defendant needs to

2    examine Plaintiff, necessitating extra time for the deposition.

3    Further, Defendants seek to depose Plaintiff regarding recently

4    produced documents that were not available to them at the September

5    13, 2011 deposition.

6         Plaintiff argues that the discovery sought by Defendants is

7    unreasonably cumulative. She asserts that the September 13, 2011

8    deposition was not limited and that her damage claims were covered

9    in that deposition. Plaintiff cites numerous instances in the

10   September 13, 2011 deposition in which her damage claims were

11   covered. Also, Plaintiff argues that Defendant's use of time at the

12   September 13, 2011 deposition was not efficient in that Defendants

13   spent time deposing Plaintiff on issues that are not relevant to

14   this litigation.

15        Federal Rule of Civil Procedure 30(d)(1) states in pertinent

16   part: "Unless... ordered by the Court, a deposition is limited to 1

17   day of 7 hours. The court must allow additional time consistent with

18   Rule 26(b)(2) if needed to fairly examine the deponent..."

19        Federal Rule of Civil Procedure 26(b)(2) states in pertinent

20   part: "By order, the court may alter the limits in these rules on...

21   the length of depositions under Rule 30..."

22        A party seeking a court order to extend the time of a

23   deposition must show good cause to justify such an order. Pratt v.

24   Archstone, 2009 WL 2032469 at *1 (N.D. Cal. 2009); Tatum v.

25   Schwartz, 2008 WL 298824 at *2 (E.D. Cal. 2008) citing The Notes of

26   the Advisory Committee on the 2000 Amendments to Federal Rule of

27   Civil Procedure 30 ("The party seeking a court order to extend the

28

11cv0797

1   examination, or otherwise alter the limitations, is expected to show

2   good cause to justify such an order.")

3          Here, Defendants have shown good cause to extend the time for

4   Plaintiff's subsequent deposition. The documents that should have

5   been produced by Plaintiff to Defendants in December 2011 and

6   January 2012 appear to be numerous and lengthy. Therefore, extra

7   time for the deposition is needed so that Defendants can thoroughly

8   examine Plaintiff with regard to those documents. Further, three

9   Defendants in this case seek to depose Plaintiff on various topics.

10  In at least one instance identified to the Court, one Defendant

11  seeks to depose Plaintiff on a topic that the other Defendants do

12  not seek deposition testimony. Moreover, the Court's September 27,

13  2011 Order stated that Defendants may take Plaintiff's deposition at

14  a later date and that the scope of the subsequent deposition shall

15  not be limited. From the Court's discussions with counsel prior to

16  the issuance of the September 27, 2011 Order, the Court and the

17  parties should have understood that the scope of the subsequent

18  deposition would be unlimited and that the time allotted for that

19  deposition would not be curtailed.

20         Moreover, Plaintiff wrongly argues that the subsequent

21  deposition testimony sought by Defendants is unreasonably

22  cumulative. The Court's review of Plaintiff's citations to instances

23  in the September 13, 2011 deposition in which her damage claims were

24  covered simply *identify* her damages claims. Plaintiff's testimony

25  did not cover the *details* of her damage claims, which Defendants are

26  entitled to probe at her subsequent deposition. Further, at the

27  September 13, 2011 deposition, Defendants did not possess the

28  documents they requested from Plaintiff. Therefore, it was not

11cv0797

1  possible for Defendants to have been able to depose Plaintiff on the

2  subjects and contents of those documents.

3      The Court is perturbed that Plaintiff would take such an

4  unreasonable stance and oppose a subsequent seven hour deposition

5  when the reasons therefor are so abundantly clear.

6      Defendants' request is GRANTED and the subsequent deposition

7  of Plaintiff shall be limited to seven hours.

8      2. <u>Plaintiff's Fee Agreement</u>

9      Defendants sought the production of Plaintiff's fee agreement

10  with her counsel. Plaintiff's counsel produced to Defendants a

11  redacted version of the fee agreement, claiming that the redacted

12  portions of the agreement were protected from disclosure by the

13  attorney-client privilege and work product doctrine. This claim is

14  erroneous.

15      The Ninth Circuit, and district courts in the Ninth Circuit,

16  have long and repeatedly held that fee agreements between an

17  attorney and his/her client are not protected from disclosure by the

18  attorney-client privilege or work product doctrine. <u>Ralls v. US</u>, 52

19  F.3d 223, 225 (1995); <u>US v. Blackman</u>, 72 F.3d 1418, 1424 (9th Cir.

20  1995); <u>Stanley v. Bayer Healthcare</u>, 2011 WL 5569761 (S.D. Cal.

21  2011); <u>Hoot Winc v. RSM McGladrey</u>, 2009 WL 3857425 (S.D. Cal. 2009);

22  <u>Carrizosa v. Stassinos,</u> 2006 WL 2529503 (N.D. Cal. 2006).

23      Moreover, the Court's review of the unredacted version of

24  Plaintiff's fee agreement (sent to the Court for *in camera* review)

25  reveals that none of the redacted portions of the agreement

26  (produced to Defendants) contain confidential information protected

27  from disclosure by the attorney-client privilege or the work product

28  doctrine. In fact, it appears to the Court that most of the redacted

11cv0797

1    portions of the fee agreement are nothing more than standard,

2    customary, and boilerplate language that probably appears in many

3    such fee agreements. There is nothing in the fee agreement that even

4    remotely, or with the broadest possible interpretation, is attorney-

5    client privileged or work product. Again, Plaintiff unjustifiably

6    created a dispute where none reasonably existed. As a result, at

7    least one week prior to Plaintiff's subsequent deposition, Plaintiff

8    shall produce to Defendants an unredacted copy of her fee agreement

9    with her counsel.

10        The Court is extremely disturbed that Plaintiff's counsel

11   would claim portions of Plaintiff's fee agreement are protected from

12   disclosure by the attorney-client privilege and work product

13   doctrine, when that position is clearly contrary to long-standing

14   Ninth Circuit law, which has been repeatedly cited by district

15   courts in the Ninth Circuit. That Plaintiff's counsel actually

16   produced to Defendants a redacted version of the fee agreement, in

17   light of the clear law on the subject, and spent time seeking to

18   limit Plaintiff's subsequent deposition to three hours is

19   astonishing. The Court cautions Plaintiff that future disputes with

20   Defendants that cannot be resolved without the Court's involvement

21   will be scrutinized very closely.

22

23   DATED:  February 3, 2012

24

25                                    _____
                                      Hon. William V. Gallo
26                                    U.S. Magistrate Judge

27

28

6

11cv0797