1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

8

PAMELA STONEBREAKER,

CASE NO. 11cv797 WQH (WVG)

9

Plaintiff,

**ORDER**

vs.

10

GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA, a

11

corporation; WESTERN RESERVE LIFE
INSURANCE COMPANY OF OHIO, a

12

corporation; UNION SECURITY
INSURANCE COMPANY, a corporation;

13

DOES 1-100, inclusive.

14

Defendants.

15

WESTERN RESERVE LIFE
INSURANCE COMPANY OF OHIO, a

16

corporation,

17

Counterclaimant,

vs.

18

PAMELA STONEBREAKER,

19

Counterdefendant.

20

WESTERN RESERVE LIFE
INSURANCE COMPANY OF OHIO, a

21

corporation,

22

Third-party Plaintiff,

23

vs.

24

ROE ONE, as executor of the Estate of

25

Robert Stonebreaker; ROES 2-10,
inclusive;

26

Third-party Defendants.

27
28

1

2

3   UNION SECURITY INSURANCE
    COMPANY, a corporation

4                                  Counterclaimant,

5          vs.

6   PAMELA STONEBREAKER, an
    individual.

7                                  Counterdefendant.

8   UNION SECURITY INSURANCE
    COMPANY, a corporation

9                                  Cross-Claimant,

10

11         vs.

12  KRISTIN STONEBREAKER, a minor;
    KELLI STONEBREAKER, a minor;

13                                 Cross-Defendant.

14  GUARDIAN LIFE INSURANCE
    COMPANY OF AMERICA, a

15  corporation,

16                                 Counterclaimant,

17         vs.

18  PAMELA STONEBREAKER,

19                                 Counterdefendant.

20

21  GUARDIAN LIFE INSURANCE
    COMPANY OF AMERICA, a

22  corporation,

23                                 Cross-Claimant,

24         vs.

25  KRISTIN STONEBREAKER, a minor;
    KELLI STONEBREAKER, a minor;
    RYAN STONEBREAKER, a minor,

26                                 Cross-Defendants.

27

28

HAYES, Judge:

The matters before the Court are the following Motions filed by Plaintiff: the Motion for Partial Summary Judgment on Plaintiff's Breach of Contract Claims (ECF No. 37); the Motion for Summary Judgment on Defendant Guardian Life Insurance Company of America's ("Guardian") Counterclaim in Interpleader and Cross-claim for Interpleader (ECF No. 116); the Motion for Summary Judgment on Defendant Western Reserve Life Assurance Company of Ohio's ("Western Reserve") Counterclaim in Interpleader and Third-party Complaint for Interpleader (ECF No. 117); the Motion for Summary Judgment on Defendant Union Security Insurance Company's ("Union Security") Counterclaim in Interpleader and Cross-claim for Interpleader (ECF Nos. 118, 122); the Motion for Release of Funds that Guardian Deposited with the Court (ECF No. 152); the Motion for Release of Funds that Union Security Deposited with the Court (ECF No. 153-54); and the Motion for Release of Funds that Western Reserve Deposited with the Court (ECF No. 155); and the Motion for Judgment in Interpleader (ECF No. 88) filed by Western Reserve; and the Motion for Discharge and Dismissal of Disinterested Stakeholder (ECF No. 141) filed by Union Security.

## I.     Background

On April 15, 2011, Defendants Guardian, Western Reserve, and Union Security removed the Complaint filed by Plaintiff Pamela Stonebreaker in the Superior Court of California for the County of San Diego to this Court pursuant to 28 U.S.C. § 1332(a) diversity jurisdiction. Plaintiff alleged that she was married to Robert Stonebreaker who purchased the following life insurance policies: (1) three policies from Defendant Guardian totaling $2,000,000; (2) one policy from Defendant Western Reserve in the amount of $250,000; (3) one policy from Defendant Union Security in the amount of $525,000.  Plaintiff alleged that Robert Stonebreaker died on January 16, 2010 and that Defendants have failed to pay the life insurance benefits to Plaintiff, the primary beneficiary.  Plaintiff asserts a claim for breach of contract and a claim for breach of the implied covenant of good faith and fair dealing against each Defendant.

On April 21, 2011, Defendant Western Reserve filed a Counterclaim in Interpleader

against Plaintiff Stonebreaker and a Third-party Complaint in Interpleader against the executor of the Estate of Robert Stonebreaker.[1]  Western Reserve alleged that Plaintiff is the primary beneficiary to a life insurance policy owned by Robert Stonebreaker, and that there are no secondary beneficiaries.  Western Reserve alleged that Robert Stonebreaker's death was determined to be a homicide and that Plaintiff, the beneficiary of the life insurance policy, was a suspect in the homicide.  Western Reserve alleged that Plaintiff may be prohibited from recovering the proceeds of the life insurance policy if she is found to have caused her husband's death and that the proceeds would be distributed to the Estate of Robert Stonebreaker.  Western Reserve alleged that, although Western Reserve admits the proceeds of the life insurance policy are due and owing to someone, payment of the proceeds may subject Western Reserve to the risk of multiple claims.  Western Reserve deposited $251,576.62 with the Clerk of the Court as "the benefits payable under a life insurance policy issued by [Western Reserve] on the life of Robert Stonebreaker."  (ECF No. 10 at 2).

On April 22, 2011, Defendant Union Security filed a Counterclaim in Interpleader against Plaintiff and filed a Cross-claim in Interpleader against the guardian ad litem for Kristin Stonebreaker and Kelli Stonebreaker, minor children.  Union Security alleged that Plaintiff is the primary beneficiary to a life insurance policy owned by Robert Stonebreaker and that Kristin Stonebreaker and Kelli Stonebreaker are the secondary beneficiaries.  Union Security alleged that it is willing and able to pay the proceeds of the life insurance policy, but it cannot determine the identity of the proper beneficiary.   Union Security deposited $560,956.58 with the Clerk of the Court.  (ECF No. 49 at 2; 140 at 8).

On April 22, 2011, Guardian filed a Counterclaim for Interpleader against Plaintiff and filed a Cross-claim in Interpleader against Kristin Stonebreaker, Kelli Stonebreaker, and Ryan Stonebreaker, minor children.  Guardian alleges that Plaintiff is the primary beneficiary to a life insurance policy owned by Robert Stonebreaker and that Kristin Stonebreaker, Kelli Stonebreaker, and Ryan Stonebreaker are the secondary beneficiaries.  Guardian alleged that it is willing and able to pay the proceeds of the life insurance policy, but it cannot determine

---

[1]  To date, an executor has not been appointed to the Estate of Robert Stonebreaker.

the identity of the proper beneficiary.  Guardian deposited $1,998,397.41 with the Clerk of the

Court as "the benefits payable under a life insurance policies issued by [Guardian] on the life

of Robert Stonebreaker."  (ECF No. 121 at 2).

On June 10, 2011, Plaintiff filed a Motion for Partial Summary Judgment on the breach

of contract claim against all three Defendants.[2]  (ECF No. 37).

On July 11, 2011, a guardian ad litem was appointed to represent Kristin Stonebreaker,

Kelli Stonebreaker, and Ryan Stonebreaker, the minor children in this case.

On August 29, 2011, Western Reserve filed a Motion for Judgment in Interpleader

(ECF No. 88).

On October 4, 2011, Plaintiff filed a Motion for Summary Judgment on Guardian's

Counterclaim in Interpleader and Cross-claim for Interpleader (ECF No. 116), a Motion for

Summary Judgment on Western Reserve's Counterclaim in Interpleader and Third-party

Complaint for Interpleader (ECF No. 117), and a Motion for Summary Judgment on Union

Security's Counterclaim in Interpleader and Cross-claim for Interpleader (ECF Nos. 118,

122).[3]

On November 14, 2011, Union Security filed a Motion for Discharge and Dismissal of

Disinterested Stakeholder (ECF No. 141).

On November 23, 2011, the guardian ad litem for Kristin, Kelli, and Ryan Stonebreaker

filed a "Notice of No Competing Claim and Non-opposition to the Motion for Disbursement

of Funds to Plaintiff Stonebreaker."  (ECF No. 151).  The guardian ad litem states "that she

has not and is not making competing claims to the funds that [Guardian], [Union Security], and

_____

[2] On December 7, 2011, Plaintiff withdrew her Motion for Partial Summary Judgment (ECF No. 37).  *See* ECF No. 174 at 2 ("In light of the Court's ruling in *Stonebreaker v. Pruco Life Ins. Co.*, Case No. 3:11-cv-00871-WQH-WVG (S.D. Cal. Nov. 4, 2011) (ECF No. 51), Mrs. Stonebreaker hereby withdraws her motion for partial summary judgment on her breach of contract claim (ECF No. 37).").  Accordingly, the Motion for Partial Summary Judgment filed by Plaintiff (ECF No. 37) is DENIED as moot.

[3] Plaintiff is not a party to Guardian's Cross-claim for Interpleader, Western Reserve's Third-party Complaint for Interpleader, or Union Security's Cross-claim for Interpleader. Accordingly, Plaintiff may not move for summary judgment on Guardian's Cross-claim for Interpleader, Western Reserve's Third-party Complaint for Interpleader, or Union Security's Cross-claim for Interpleader.

[Western Reserve] have deposited with the Court.... [The guardian ad litem] is unaware of evidence sufficient to justify making a competing claim and ... believes that the Stonebreaker children have no right to claim the policy proceeds." *Id.* at 2.

On November 23, 2011, Plaintiff filed a Motion for Release of Funds that Guardian Deposited with the Court (ECF Nos. 152-53), a Motion for Release of Funds that Union Security Deposited with the Court (ECF No. 154), and a Motion for Release of Funds that Western Reserve Deposited with the Court (ECF No. 155).

## II.   Interpleader

There are two steps to an interpleader action.  The first step is determining whether the requirements of interpleader have been met.  *See* 28 U.S.C. § 1335.  The second step is to "adjudicat[e] the adverse claims of the defendant claimants." *W. Conf. of Teamsters Pension Plan v. Jennings,* Case No. C–10–03629 EDL, 2011 WL 2609858 at * 5 (N.D. Cal. June 6, 2011) (noting that bifurcation is not mandatory and the entire action may be disposed of at one time) (citing *N.Y. Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2nd Cir. 1983)); *see also* 28 U.S.C. § 2361 (stating that the district court "shall hear and determine the case ... and make all appropriate orders to enforce its judgment.").  The Court has not yet ruled on the first step.

Pursuant to 28 U.S.C. § 1335,

[t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more ... if

(1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim . . . to be entitled to such money or property ... and if

(2) the plaintiff has deposited such money or property ... to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

Federal Rule of Civil Procedure 22 provides: "A defendant exposed to [claims that may result in double or multiple liability] may seek interpleader through a crossclaim or counterclaim."  Fed. R. Civ. P. 22(a)(2).  "The court's jurisdiction under the interpleader statute extends to potential, as well as actual, claims." *Minnesota Mut. Life Ins. Co. v. Ensley*,

174 F.3d 977, 980 (9th Cir. 1999) (citation omitted) (affirming the grant of judgment in interpleader even though only one potential claimant to insurance proceeds had filed a claim due to the possibility of other claims).

California Probate Code section 252 provides: "A named beneficiary of a ... life insurance policy ... who feloniously and intentionally kills the ... person upon whose life the policy is issued is not entitled to any benefit under the ... policy ... and it becomes payable as though the killer had predeceased the decedent." Cal. Prob. Code § 252.  In general, an insurer may assert an interpleader action where it is faced with multiple liability due to the primary beneficiary's potential disqualification under California Probate Code section 252.  *United Investors Life Ins. Co. v. Grant,* 387 F. App'x 683, 686 (9th Cir. 2010) (holding that the insurer "knew enough details about the case by the time it filed a complaint in interpleader to justify its fear of multiple liability" on the grounds that "if [defendant to complaint in interpleader] were determined to have murdered her husband, [the insurer] could remain liable on the life insurance policy even if it had already paid her."); *see also Glass v. United States*, 506 F.2d 379, 383 (10th Cir. 1974) (noting that an interpleader action is "specifically designed" for cases in which the beneficiary of a life insurance policy may have murdered the insured).

In cases where there is a single claimant to a fund and all potential claimants affirmatively disavow their interest in the fund, courts have found that the party seeking interpleader fails to meet its burden to demonstrate it is entitled to interpleader.  *See e.g., Dunbar v. United States,* 502 F.2d 506, 510-11 (5th Cir. 1974) (holding that the government failed to meet its burden for interpleader where the sender of a package containing money claimed an interest in the fund, but the intended recipient "answered the interpleaded complaint with a positive denial of any right, title or interest in the fund."); *Vanderlinden v. Metro. Life Ins. Co.,* 137 F. Supp. 2d 1160, 1163 (D. Neb. 2001) (finding that insurer failed to meet its burden for interpleader where the other potential claimants "disavowed any interest in the insurance proceeds, and have prayed for dismissal of the third-party complaint."); *cf. N.Y. Life Ins. Co. v. Conn. Dev. Auth.,* 700 F.2d 91, 95 (2d Cir. 1983) (finding that interpleader was proper where insurance proceeds named three beneficiaries, one beneficiary claimed an interest

1   in the fund, and the other two "refused to release their interests" in the fund then defaulted in

2   the proceeding).  However, when individual with valid claims to the interpleader funds agree

3   amongst themselves to the distribution, interpleader is not defeated.  *See Island Title Corp. v.*

4   *Bundy*, 488 F. Supp. 2d 1084, 1093 n.10 (D. Haw. 2007).

5          In an interpleader, the court "shall hear and determine the case, and may discharge the

6   plaintiff from further liability, make the injunction permanent, and make all appropriate orders

7   to enforce its judgment."  28 U.S.C. § 2361 ("In any ... interpleader under section 1335 of this

8   title, a district court may ... enter its order restraining [all claimants] from instituting or

9   prosecuting any proceeding in any State or United States court affecting the property,

10  instrument or obligation involved in the interpleader action until further order of the court.");

11  *see also Mendez v. Teachers Ins. & Annuity Ass'n and College Retirement Equities Fund,* 982

12  F.2d 783, 787 (2d Cir. 1992) (holding that once it is determined that an interpleader action is

13  appropriate, the court is entitled to discharge a plaintiff-stakeholder who has no interest in the

14  disputed funds); *Valley Forge Life Insurance Company v. Dena Hulse,* Case No. C 06-6415

15  PJH, 2007 WL 2012740 at *2 (N.D. Cal. July 6, 2007)).   However, "any injunction that is

16  issued only can extend to litigation involving the fund that is the subject matter of the

17  interpleader."  *Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 680

18  (2d Cir. 1993) (citations omitted); *Prudential Ins. Co. of Am.v. Hovis*, 553 F.3d 258, 264 (3rd

19  Cir. 2009) ("[W]here a claimant brings an independent [claim] against the stakeholder, the

20  stakeholder is kept in the litigation to defend against the [claim], rather than being dismissed

21  after depositing the disputed funds with the court.") (citation omitted).  Where a separate claim

22  proceeds against the disinterested stakeholder, interpleader jurisdiction is not defeated.  *See*

23  *Libby, McNeill, and Libby v. City Nat. Bank,* 592 F.2d 504, 507 (9th Cir. 1978) ("[T]he mere

24  potentiality of independent stakeholder liability, separate from liability for the interpleaded

25  fund, will not defeat interpleader jurisdiction.").

26         A party "should be awarded attorney fees for the services of his attorneys in

27  interpleading." *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp*., 306 F.2d 188,

28  194 (9th Cir. 1962).  The court exercises its discretion to determine whether the amount of

1  attorney fees which are requested is reasonable.  *See Tr. of Dir. Guild of Am.-Producer*

2  *Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000); *Gelfgren v. Republic Nat.*

3  *Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982).  Generally, an insurer which institutes an

4  interpleader to determine the rights of adverse claimants to policy benefits may recover

5  attorney fees.  *See Mass. Mut. Life Ins. Co. v. Morris*, 61 F.2d 104 (9th Cir. 1932); *see also*

6  *Treinies v. Sunshine Mining Co.*, 99 F.2d 651 (9th Cir. 1938) (holding that a corporation which

7  instituted an interpleader to determine the rights of conflicting claimants to a particular stock

8  was entitled to attorney fees).  "[A]ttorneys' fee awards are properly limited to those fees that

9  are incurred in filing the action and pursuing the plan's release from liability, not in litigating

10  the merits of the adverse claimants' positions."  *Trustees of Directors Guild of*

11  *America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) (citation

12  omitted) ("Because the scope of compensable expenses is limited, attorneys' fee awards to the

13  "disinterested" interpleader plaintiff are typically modest.").

14  **A.    Western Reserve**

15      Western Reserve seeks an order:  (1) permitting Western Reserve to interplead

16  $251,576.62 plus interest; (2) dismissing Western Reserve from the action; (3) enjoining any

17  future actions or proceedings against Western Reserve relating to the life insurance proceeds;

18  and (4) awarding Western Reserve attorney fees and costs.  (ECF No. 88).  Western Reserve

19  contends that the insured's estate would be entitled to recover under the policy if Plaintiff, the

20  beneficiary of the policy, is found to have killed her husband.  Western Reserve contends that

21  the parties are of diverse citizenship, that Western Reserve has no interest in the funds, and that

22  multiple possible claimants exposes Western Reserve to multiple liability.

23      Plaintiff contends that there are no competing claims to the life insurance benefits

24  because "the Stonebreaker children have not made any claim for the policy benefits" and have

25  disavowed their interests in policy benefits.  (ECF No. 166 at 5).  Plaintiff contends that the

26  motion for interpleader is "premature" because the probate court has not appointed an

27  administrator for [Robert] Stonebreaker's estate; therefore, [Robert] Stonebreaker's estate has

28  not been served with the Third-party Complaint or motions.  Plaintiff contends that "[d]ue

1    process requires that the motions be continued until (1) the probate court appoints an

2    administrator and (2) Western Reserve serves the administrator." *Id*. at 9.  Plaintiff contends

3    that the motion is moot because the Stonebreaker children "have expressly stated that they

4    have not made any claim to the policy benefits ...." *Id*. at 11.  Plaintiff contends that Western

5    Reserve is not entitled to attorney fees because "the cost of determining which beneficiary to

6    pay following a homicide of the insured is simply part of an insurer's cost of doing business."

7    (ECF No. 171 at 2).  Plaintiff also seeks summary judgment on the Counterclaim in

8    Interpleader and Third-party Complaint in Interpleader filed by Western Reserve.  (ECF No.

9    117).

10    Plaintiff is the primary beneficiary of Robert Stonebreaker's life insurance policy which

11    does not name any contingent beneficiaries.  Robert Stonebreaker died and the death was ruled

12    a homicide.  On August 25, 2010, Plaintiff made a claim for the benefits; however, Plaintiff

13    was a suspect in the insured's death.  If Plaintiff is found to have feloniously and intentionally

14    killed Robert Stonebreaker, the benefits become payable to the Estate of Robert Stonebreaker

15    as though Plaintiff had predeceased Robert Stonebreaker pursuant to Cal. Prob. Code § 252.[4]

16    Accordingly, the Estate of Robert Stonebreaker may have a claim to the benefits.  To date, no

17    other claims have been made on the insurance benefits; however, an executor has not been

18    appointed to the Estate of Robert Stonebreaker.

19    The Court finds this case is an appropriate interpleader action under § 1335 on the

20    grounds that: (1) Western Reserve filed a counterclaim in interpleader pursuant to Rule 22; (2)

21    Western Reserve has demonstrated that it claims no interest in the funds; and (3) there are

22    multiple possible claimants to the insurance benefits.

23    The Court concludes that Western Reserve is entitled to an injunction preventing

24    prosecution against it with respect to the breach of contract claim regarding the interpleaded

25    funds pursuant to 28 U.S.C. § 2361.  However, Plaintiff has asserted a separate claim against

---

27
28    [4]  The Western Reserve policy provides: "The Beneficiary ... will receive the benefits payable at your death.  If the Beneficiary dies before you, the Contingent Beneficiary, if named, becomes the Beneficiary.  If no Beneficiary survives you, the benefits payable at your death will be paid to the Owner or the Owner's estate."  (ECF No. 89-6 at 10).

1   Western Reserve regarding the investigation and processing of Plaintiff's claim.  Western

2   Reserve is not entitled to an injunction preventing prosecution against it with respect to

3   Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

4   In this case, Western Reserve is entitled to attorney's fees for the interpleader, but

5   Western Reserve states that it "will submit an accounting of its attorney's fees and costs when

6   requested by the Court." (ECF No. 88-1 at 11).  The Court cannot conclude from the evidence

7   the amount of attorney's fees should be awarded to Western Reserve.  Defendant may file a

8   supplemental motion for attorney's fees no later than fourteen days from the date of this order.

9   The Motion for Judgment in Interpleader (ECF No. 88) filed by Defendant Western

10  Reserve is GRANTED in part.  Plaintiff's Motion for Summary Judgment on the Counterclaim

11  in Interpleader and Third-party Complaint in Interpleader filed by Western Reserve (ECF No.

12  117) is DENIED.

13  **B.    Union Security**

14  Union Security seeks judgment in interpleader and seeks to be discharged from this

15  case.  (ECF No. 141).  Union Security states that "If Ms. Stonebreaker 'feloniously and

16  intentionally' killed her husband, then pursuant to California Probate Code section 252, the

17  proceeds from the Union Security policy would pass to her two minor children as the named

18  secondary beneficiaries, as if she had predeceased them under that statute." *Id.* at 4.  Union

19  Security contends that although the guardian ad litem for the minor Stonebreaker children has

20  disclaimed any interest in the funds, "[Robert] Stonebreaker's estate has potential claims to the

21  policy benefits ... and an administrator has not been appointed for [Robert] Stonebreaker's

22  estate nor has it appeared in this action."  (ECF No. 195 at 5).  Union Security contends that

23  it has no interest in the interpleaded funds.  Union Security contends that Plaintiff is not

24  entitled to summary judgment on the Counterclaim in Interpleader and First Amended Cross-

25  claim in Interpleader on the grounds that Union Security properly interpleaded the funds.

26  (ECF No. 163).

27  Plaintiff contends that "[t]he Court should deny Union Security's motion to the extent

28  that it seeks to dismiss plaintiff's claim for breach of the implied covenant of good faith and

1  fair dealing." (ECF No. 185 at 5). Plaintiff also seeks summary judgment on the Counterclaim

2  in Interpleader and First Amended Cross-claim in Interpleader filed by Union Security.[5] (ECF

3  No. 122).

4        Plaintiff is the primary beneficiary of Robert Stonebreaker's life insurance policy.

5  Kirsten Stonebreaker and Kelli Stonebreaker are the contingent beneficiaries.   Robert

6  Stonebreaker died and the death was ruled a homicide.  Plaintiff Stonebreaker has made a

7  claim for the benefits; however, Plaintiff was a suspect in the insured's death.  If Plaintiff is

8  found to have feloniously and intentionally killed Robert Stonebreaker, the benefits become

9  payable as though Plaintiff had predeceased Robert Stonebreaker pursuant to Cal. Prob. Code

10 § 252.  The benefits would become payable to the contingent beneficiaries or to the Estate of

11 Robert Stonebreaker.[6]  Accordingly, the contingent beneficiaries and the Estate of Robert

12 Stonebreaker may have a claim to the benefits.  To date, no other claims have been made on

13 the insurance benefits; however, an executor has not been appointed to the Estate of Robert

14 Stonebreaker.

15       The Court finds this case is an appropriate interpleader action under § 1335 on the

16 grounds that: (1) Union Security filed a counterclaim in interpleader pursuant to Rule 22; (2)

17 Union Security has demonstrated that it claims no interest in the funds; and (3) there are

18 multiple possible claimants to the insurance benefits.

19       The Court concludes that Union Security is entitled to an injunction preventing

20 prosecution against it with respect to the breach of contract claim regarding the interpleaded

21 funds pursuant to 28 U.S.C. § 2361.  However, Plaintiff has asserted a separate claim against

22 Union Security regarding the investigation and processing of Plaintiff's claim.  Union Security

23 _____

24       [5]  Plaintiff filed a Motion for Summary Judgment on the Counterclaim in Interpleader
   and Cross-claim for Interpleader filed by Union Security. (ECF No. 118).  After Plaintiff filed

25 her Motion for Summary Judgment, Union Security filed a First Amended Cross-claim in
   Interpleader which identified the Roe cross-defendants as Kristin Stonebreaker and Kelli

26 Stonebreaker and their guardian ad litem. (ECF No. 119).  Accordingly, Plaintiff's Motion for
   Summary Judgment on the Counterclaim in Interpleader and Cross-claim for Interpleader (ECF

27 No. 118) is DENIED as moot.

28       [6]  The Union Security policy provides: "The proceeds will be paid to you or your estate
   if the insured dies and no beneficiary survives the insured or no beneficiary was ever named."
   (ECF No. 140-15 at 13).

1   is not entitled to an injunction preventing prosecution against it with respect to Plaintiff's claim

2   for breach of the implied covenant of good faith and fair dealing.

3       Union Security is entitled to attorney's fees for the interpleader, but Union Security

4   states that it "will submit an accounting of its attorneys' fees and costs upon the Court's

5   request." (ECF No. 141 at 9). The Court cannot conclude from the evidence the amount of

6   attorney's fees should be awarded to Union Security. Defendant may file a supplemental

7   motion for attorney's fees no later than fourteen days from the date of this order.

8       The Motion for Discharge and Dismissal of Disinterested Stakeholder (ECF No. 141)

9   filed by Union Security is GRANTED in part. Plaintiff's Motion Summary Judgment on the

10  Counterclaim in Interpleader and First Amended Cross-claim in Interpleader filed by Union

11  Security (ECF No. 122) is DENIED.

12      **C.    Guardian**

13      Plaintiff seeks summary judgment on the Counterclaim in Interpleader and Cross-claim

14  for Interpleader filed by Guardian and seeks disbursement of the interpleaded funds to

15  Plaintiff. (ECF No. 116). Plaintiff contends that "Guardian filed an interpleader action ... and

16  deposited the policy benefits ...; [o]nce responsive pleadings were filed by Mrs. Stonebreaker

17  and [the guardian ad litem] on behalf of the Stonebreaker children, the first stage of the

18  interpleader process was complete." (ECF No. 175 at 2). Plaintiff states that "the only issue

19  left for the Court to decide is whether the interpleader funds should be paid to Mrs.

20  Stonebreaker or her children." *Id*. Plaintiff contends that she is entitled to the interpleaded

21  funds because the children have stated that they do not make any claim to the life insurance

22  benefits and "Guardian has not produced a shred of evidence that Mrs. Stonebreaker had

23  anything to do with her husband's death." *Id*.

24      Guardian opposes Plaintiff's motion "to the extent the motion seeks an order releasing

25  funds without setting aside a portion of the interpleaded funds for reimbursement of the

26  Guardian's attorney's fees and expenses in this matter." (ECF No. 158 at 4). Guardian

27  contends that it has already expended over $100,000 in attorneys fees and costs and "estimates

28  that it could expend in excess of $750,000 by the end of the case." *Id*. Guardian states that at

1   the time of Robert Stonebreaker's death he had a whole life policy in the amount of $250,000

2   and term life insurance policies in the amount of $1,750,000.  "Guardian requests that not more

3   than $250,000 of the $2 million Guardian has interpleaded with the Court be released.... [t]his

4   is fair since Dr. Stonebreaker's $250,000 whole life policy ... was the only paid up policy in

5   force at the time of his death."  *Id.* at 15.   Guardian contends that "[t]he remaining $1,750,000

6   in Term Life Policies had lapsed due to non-payment of premiums."[7]  *Id.* at 4.  Guardian also

7   states that it "intends to file a motion for discharge from liability and a request for its attorney's

8   fees and expenses."  *Id.* at 16.

9       The Counterclaim in interpleader states: "The proceeds of the Guardian Policies total

10   $2,000,000.... Guardian has no interest in the proceeds of the Guardian Policies and is a mere

11   stakeholder in this action."  (ECF No. 17 at 7).   Guardian deposited $1,998,397.41 with the

12   Clerk of the Court as "the benefits payable under a life insurance policies issued by [Guardian]

13   on the life of Robert Stonebreaker."  (ECF No. 121 at 2).  Although Guardian opposed the

14   distribution of the funds to Plaintiff in an amount exhausting any possible attorney's fees

15   recovery for filing the Interpleader, Guardian has not asserted any interest in the funds.

16       Plaintiff is the primary beneficiary of Robert Stonebreaker's life insurance policy.

17   Kirsten Stonebreaker, Kelli Stonebreaker, and Ryan Stonebreaker are the contingent

18   beneficiaries.   Robert Stonebreaker died and the death was ruled a homicide.   Plaintiff

19   Stonebreaker has made a claim for the benefits; however, Plaintiff was a suspect in the

20   insured's death.  If Plaintiff is found to have feloniously and intentionally killed Robert

21   Stonebreaker, the benefits become payable as though Plaintiff had predeceased Robert

22   Stonebreaker pursuant to Cal. Prob. Code § 252.  The benefits would become payable to the

23

24

25       [7]  Guardian asserts that under the terms of the policies, the lapsed term life policies

26   could not be reinstated.  However, "[d]espite the passing of Dr. Stonebreaker ... [Guardian]
     preserve[d] the death benefits of Dr. Stonebreaker's Term Policies by applying dividends

27   earned in Dr. Stonebreaker's Whole Life Guardian Policy No. 1 to the Term Policies' unpaid
     premiums." (ECF No. 158 at 6).  Guardian states: "Right or wrong, as a result of these efforts

28   on behalf of Dr. Stonebreaker's beneficiaries, The Guardian reinstated the Term Policies to
     give  Dr. Stonebreaker's beneficiaries the benefit of three policies with a total death benefit of
     $2,000,000, instead of one whole life policy with a death benefit of $250,000."  *Id.*

1  contingent beneficiaries or to the Estate of Robert Stonebreaker.[8]  To date, no other claims
2  have been made on the insurance benefits; however, an executor has not been appointed to the
3  Estate of Robert Stonebreaker.

4        The Court finds this case is an appropriate interpleader action under § 1335 on the
5  grounds that: (1) Guardian filed a counterclaim in interpleader pursuant to Rule 22; (2)
6  Guardian has demonstrated that it claims no interest in the funds; and (3) there are multiple
7  possible claimants to the insurance benefits.  Guardian has not filed a motion for an injunction
8  preventing prosecution pursuant to 28 U.S.C. § 2361 or a request for its attorney's fees.

9        Plaintiff's Motion for Summary Judgment on the Counterclaim in Interpleader and
10  Cross-claim for Interpleader filed by Guardian  (ECF No. 116) is DENIED.

11  **III.    Disbursement of Interpleaded Funds**

12        Plaintiff seeks disbursement of the funds deposited by Western Reserve to Plaintiff.
13  (ECF No. 155).  Plaintiff seeks disbursement of the funds deposited by Union Security to
14  Plaintiff.  (ECF Nos. 153-54).  Plaintiff seeks disbursement of the funds deposited by
15  Guardian. (ECF No. 152).  Plaintiff contends that the funds should be disbursed to her because
16  the guardian ad litem for the Stonebreaker children filed a notice of no competing claim and
17  Plaintiff has submitted sufficient evidence to show that she did not kill Robert Stonebreaker.
18  (ECF Nos. 192-93).

19        All potential claimants are entitled to have an opportunity to make a claim to the
20  interpleaded funds.  In this case, the Estate of Robert Stonebreaker has not appeared.  The
21  parties shall file a supplemental brief regarding the appointment of an executor to the Estate
22  of Robert Stonebreaker no later than 30 days from the date of this Order, and every 30 days
23  thereafter until an executor is appointed to the Estate of Robert Stonebreaker.  The Motions
24  for Release of Funds (ECF Nos. 152-55) filed by Plaintiff Stonebreaker remain pending.

25  //

26  //

27
28        [8]  The Guardian policies provides: "Unless otherwise provided, if no designated
beneficiary is living ... the owner or the owner's estate is the beneficiary."  (ECF No. 116-5
at 77, 114, 145).

1   **IV.   Conclusion**

2   IT IS HEREBY ORDERED that:

3   (1)   The Motion for Partial Summary Judgment on Plaintiff's Breach of Contract

4   Claims (ECF No. 37), the Motion for Summary Judgment on Defendant Union

5   Security's Counterclaim and Cross-claim for Interpleader (ECF No. 118) are

6   DENIED as moot;

7   (2)   The Motion for Judgment in Interpleader (ECF No. 88) filed by Defendant

8   Western Reserve and the Motion for Discharge and Dismissal of Disinterested

9   Stakeholder (ECF No. 141) filed by Union Security are GRANTED in part.

10   Western Reserve and Union Security are fully discharged from liability for the

11   breach of contract claim regarding the interpleaded funds.  The parties are

12   enjoined from instituting or prosecuting any proceeding in any State or United

13   States court against Western Reserve and Union Security with respect to the

14   interpleaded funds until further order of the Court.  The injunction does not

15   apply to Plaintiff's claim for breach of the implied covenant of good faith and

16   fair dealing against Western Reserve or Union Security.

17   (3)   The Motion for Summary Judgment on Defendant Guardian's Counterclaim in

18   Interpleader and Cross-claim for Interpleader (ECF No. 116), the Motion for

19   Summary Judgment on Defendant Western Reserve's Counterclaim in

20   Interpleader and Third-party Complaint for Interpleader (ECF No. 117), and the

21   Motion for Summary Judgment on Defendant Union Security's Counterclaim

22   in Interpleader and Cross-claim for Interpleader (ECF No. 122) filed by Plaintiff

23   Stonebreaker are DENIED;

24   (4)   The Motion for Release fo Funds that Guardian Deposited with the Court (ECF

25   No. 152); the Motion for Release of Funds that Union Security Deposited with

26   the Court (ECF Nos. 153-54) and the Motion for Release of Funds that Western

27   Reserve Deposited with the Court (ECF No. 155) filed by Plaintiff Stonebreaker

28   remain pending.  The parties shall file a supplemental brief regarding the

1    appointment of an executor to the Estate of Robert Stonebreaker no later than 30

2    days from the date of this Order, and every 30 days thereafter until an executor

3    is appointed to the Estate of Robert Stonebreaker.

4  DATED:  February 23, 2012

5                                          *William Q. Hayes*
                                           **WILLIAM Q. HAYES**
6                                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28