UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STONEBREAKER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA, et al.,<br><br>　　　　　　Defendants. | Civil No. 11-0797-WQH(WVG)<br><br>ORDER REGARDING JOINT<br>DEFENSE PRIVILEGE |

　　　On August 2, 2012, the Court issued an Order After Discovery Conference ("Order"). The Order granted in part and denied in part Plaintiff's Motion to Compel Production of Documents. The Order directed counsel for Guardian Life Insurance Company of America ("Guardian") to produce to the Court for *in camera* review, the Joint Defense Agreement it had with other defendants in this case. The Order also stated:

> For any documents withheld from production on the basis of the attorney client-privilege, work product, *common interest doctrine, or any other privilege*, Guardian shall provide to Plaintiff's counsel a privilege log which contains the following information:

1

11v0797

1      (a) Document number; (b) Date of document; (c) Author;
       (d) Recipient(s)[and identity and position of recipi-
2      ent(s)]; (e) Document type;(f) Assertion of the
       privilege claimed for the document; and (g) Subject
3      matter of the document.
       (Order at 2-3)(emphasis added).

5      Guardian's counsel produced to the Court for *in camera* review
6  the Joint Defense Agreement and represented to the Court's staff
7  that he would produce the Joint Defense Agreement to Plaintiff's
8  counsel.

9      On August 28, 2012, the Court issued an Order For Further
10 Briefing. The Order For Further Briefing directed Plaintiff and
11 Guardian to submit briefing regarding the start date and end date of
12 the Joint Defense Agreement. The Court has received the further
13 briefing.

14      1. Joint Defense Agreement

15      The joint defense privilege is an extension of the attorney-
16 client privilege. It protects communications between parties that
17 share a common interest in litigation. In re Grand Jury Subpoena,
18 415 F.3d 333, 341 (4th Cir. 2005) cert. denied 546 U.S. 1131 (2006).
19 The purpose of the privilege is to allow persons with a common
20 interest to "communicate with their respective attorneys and with
21 each other to more effectively prosecute or defend their claims."
22 Grand Jury Subpoena, 415 F.3d at 341.

23      A joint defense agreement need not be a written agreement. It
24 "may be implied from conduct and situation, such as attorneys
25 exchanging confidential communications from clients who are or
26 potentially may be co-defendants or have common interests in
27 litigation." USA v. Gonzalez, 669 F.3d 974, 979 (9th Cir. 2012).

28

Here, there is a written Joint Defense Agreement. However, it is undated. Therefore, the Court must determine when the Joint Defense Agreement began and when it ended.

2. <u>Joint Defense Agreement Start Date</u>

Guardian asserts that the Joint Defense Agreement began on March 16, 2011, the date Plaintiff filed her Complaint. Guardian also states that on April 6, 2011, all of the defense counsel in this action had a telephone conference call and came to an agreement in principle that would protect defense counsel's communications with respect to their common interests in defense of this case. Guardian also states that the written memorialization of the Joint Defense Agreement was signed by all defense counsel on August 5, 2011.

Plaintiff asserts, based on Guardian's counsel's representations, that the Joint Defense Agreement started on April 6, 2012.

The Court agrees with Plaintiff. Guardian has represented to the Court that on April 6, 2011, all defense counsel in this case participated in a telephone conference call regarding the formation of a Joint Defense Agreement. Guardian does not state that there were any communications between defense counsel from March 16, 2011, the date Plaintiff filed her Complaint, to April 6, 2011, the date of the telephone conference between defense counsel. Since the Joint Defense Agreement need not be written, and may be implied by conduct, pursuant to <u>Gonzalez</u>, 669 F.3d at 979, and absent any other representations to the contrary, the Court determines that the start date of the Joint Defense Agreement was April 6, 2011.

     3. <u>Joint Defense Agreement End Date</u>

Guardian asserts that the Joint Defense Agreement ended when a co-defendant is dismissed from the case. Guardian does not cite any authority for this proposition.

Plaintiff contends that the Joint Defense Agreement ended when the parties were no longer pursuing common interests. Therefore, the Joint Defense Agreement ended on July 23, 2012, when Guardian's co-defendants signed settlement agreements with Plaintiff.

A joint defense agreement ends when the parties are no longer pursuing common interests. <u>Gonzalez</u>, 669 F.3d at 981, citing <u>Grand Jury Subpoena</u>, 415 F.3d at 341.

Here, the Court agrees with Plaintiff. <u>Gonzalez</u> is clear that the end date of a joint defense agreement is when the parties are no longer pursuing common interests. Since Guardian's co-defendants signed settlement agreements with Plaintiff on July 23, 2012, Guardian was no longer pursuing common interests with its co-defendants on that date. As a result, the Joint Defense Agreement ended on July 23, 2012.

IT IS HEREBY ORDERED:

1. On or before <u>October 18, 2012</u>, Guardian shall produce to Plaintiff all communications between Guardian, Defendant Western Reserve Life Insurance Company of Ohio, and Defendant Union Security Insurance Company regarding this case, dated before April 6, 2011 and dated after July 23, 2012.

2. On or before <u>October 18, 2012</u>, Guardian shall produce to Plaintiff a privilege log for all communications between Guardian, Defendant Western Reserve Life Insurance Company of Ohio, and

1  Defendant Union Security Insurance Company regarding this case,
2  dated from April 6, 2011 to July 23, 2012, that contains the
3  information noted in the Court's August 2, 2012 Order, and noted in
4  this Order.

6  DATED: October 4, 2012

                                                        Hon. William V. Gallo
                                                        U.S. Magistrate Judge